UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SNOW INGREDIENTS, INC. *et al.*            CIVIL ACTION

VERSUS            NO. 12-1412

SNOWIZARD, INC.            SECTION: G(1)

## ORDER

Presently pending before the Court is an *ex parte* "Motion to Dismiss Without Prejudice the Reinstated Claims in 12-1412 Under Rule 41(a)(2),"[1] filed by plaintiffs Raggs Supply, LP ("Raggs") and Special T Ice Co. ("Special T"), in which these parties seek an order dismissing their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Raggs and Special T represent that:

> Dismissal without prejudice of the claims reinstated in Case No. 12-1412 . . . accompanied by a statement that Raggs Supply and Special T Ice DO NOT intend to re-file these dismissed claims in any new lawsuit in federal district court, will relieve the Court and all of the litigants of the burdens of further litigation. Dismissal without prejudice is appropriate here where there has been no determination of the merits of these specific claims as to these specific parties, and where dismissal with prejudice would be deemed to be a determination against those specific parties, and would nullify the reinstatement granted by the Court.[2]

In an Order dated March 31, 2015,[3] the Court reconsidered its dismissal of certain claims asserted by Raggs and Special T in this matter.[4] Specifically, it reconsidered its dismissal "to the

---

[1] Rec. Doc. 81.

[2] Rec. Doc. 81–1 at p. 2.

[3] Rec. Doc. 80.

[4] Rec. Doc. 72.

extent required to conform" with an order of the United States Court of Appeals for the Federal Circuit remanding certain claims asserted by Raggs and Special T, and dismissed by the Court, in a separate matter referred to as the "Consolidated litigation."[5] The Court also noted that because Plaintiffs "moved to dismiss all of the remanded claims without prejudice" in the Consolidated litigation, "it must assume . . . that [Plaintiffs] intend to pursue the remanded claims here."[6] The Court, in turn, ordered Plaintiffs to provide notification by April 14, 2015 if Raggs and Special T intended to pursue the claims here, and ordered Defendants to file responsive briefing by April 21, 2015, in the event that Plaintiffs indicated that they did, in fact, intend to pursue the remanded claims here.[7] Raggs and Special T filed the instant motion on April 14, 2015, seeking to dismiss their claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).[8]

Federal Rule of Civil Procedure 41(a)(2) provides:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion to dismiss pursuant to Rule 41(a)(2) "is within the sound discretion of the trial court."[9] The Fifth Circuit instructs that the "primary purpose" of the

---

[5] Rec. Doc. 80 at p. 45 (citing *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 567 Fed. App'x 945, 960-61 (Fed. Cir. 2014)).

[6] *Id.*

[7] Rec. Doc. 80 at pp. 47–48.

[8] Rec. Doc. 81–1.

[9] CHARLES A. WRIGHT, ARTHUR R. MILLER *ET AL.*, 9 FEDERAL PRACTICE & PROCEDURE § 2364 (3d ed. 2014).

Rule "is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[10] Further, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[11] To assess prejudice, courts in the Fifth Circuit consider "the stage at which the motion is made."[12] Where dismissal is not sought until "a late stage," and where "the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."[13]

Applying these standards here, it does not appear to the Court that dismissal would prejudice Defendants. Following the Federal Circuit's remand of certain claims asserted by Raggs and Special T in the Consolidated litigation, Defendants have not expended significant time and effort defending against the claims. Raggs and Special T did not pursue the remanded claims in the Consolidated litigation, and in fact moved for their dismissal pursuant to Rule 41(a)(2); the Court granted that motion in November 2014.[14] Consistent with the Federal Circuit's order, this Court reconsidered its dismissal of claims asserted by Raggs and Special T in this litigation in March 2015.[15] Raggs and Special T filed the instant motion in April 2015. The Court is aware of no other reason why

---

[10] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citations and internal quotation marks omitted).

[11] *Id.*

[12] *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Serv., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citations omitted).

[13] *Id.*

[14] No. 06-9170, Rec. Doc. 742.

[15] Rec. Doc. 80.

Defendants would be prejudiced if the pending motion is granted. Further, dismissal without prejudice is appropriate here because, as the Court acknowledged in its prior Order, no analysis of "whether the claims asserted by Raggs and Special T are barred by claim or issue preclusion"[16] has taken place. Accordingly,

**IT IS HEREBY ORDERED** that Raggs Supply LP and Special T Ice Co.'s "Ex Parte Motion to Dismiss Without Prejudice the Reinstated Claims in 12-1412 Under Rule 41(A)(2)"[17] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this __16th__ day of April, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[16] Rec. Doc. 80 at p. 46.

[17] Rec. Doc. 81.